IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| George Cleveland, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:09-626-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| City of Seneca SC; Bonnie Moses, | ) | |
| individually and in her official capacity as | ) | |
| election manager, director, poll worker for | ) | |
| the City of Seneca SC; Rick Lacey, | ) | |
| individually and in his official capacity as | ) | |
| Seneca Recreation Director; Terry Mullikin, | ) | |
| individually and in his official capacity as a | ) | |
| groundsman employed by the Seneca | ) | |
| Recreation Department; Mayor Pro Tem | ) | |
| Ronnie O'Kelly, individually and in his | ) | |
| official capacity as Mayor Pro Tem for the | ) | |
| City of Seneca; Seneca Police Department; | ) | |
| Police Chief John Covington, individually | ) | |
| and in his official capacity as Police Chief | ) | |
| for the City of Seneca; Officer(s) John | ) | |
| Doe(s) in their official capacity as police | ) | |
| officers for the City of Seneca, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion for attorney's fees pursuant to 42 U.S.C. § 1988(b). George Cleveland ("Cleveland") filed a civil rights action under 42 U.S.C. § 1983 alleging that the Defendants violated his First Amendment rights by preventing him from speaking and distributing literature to citizens as they entered into the Shaver Complex to vote. On March 23, 2010, the court granted Defendants' motion for summary judgment. Defendants seek to recover attorney's fees as the prevailing party in this action.

42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." "When the prevailing party is the defendant, the attorneys fees should be awarded if the court finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir. 1999) (internal quotation marks omitted). Although Cleveland's claims failed on the merits, Cleveland's claims were not frivolous or unreasonable. Based on the foregoing and after review of the record and the facts of this case, the court declines to award attorney's fees to Defendants.

It is therefore

**ORDERED** that the Defendants' motion for attorney's fees, docket number 73, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 26, 2010